MURDOCK, Justice
(concurring specially).
I concur in overruling the application for rehearing as to the petition currently pending before this Court.
According to the petition and the application for rehearing, it is undisputed that the trial court refused multiple requests by the defendant, Amy Bishop Anderson, to enforce its original orders requiring the State to make interim payments for the expenses of the defense for certain medical experts and medical testing. A legitimate question exists whether that refusal was well-founded. Nonetheless, that refusal occurred, and this Court’s opinion on original issuance denying Anderson’s petition was premised on a construction of that petition as one seeking a writ of mandamus directed to the circuit court, as contemplated by Rule 21, Ala. R.App. P., but not accompanied by documents essential to our consideration of such a request in keeping with the requirements of Rule 21(a)(1)(E), Ala. R.App. P.
In her application for rehearing, Anderson asks this Court to reconsider our opinion on original issuance on the ground that her petition to this Court did not seek a writ directed to the circuit court requiring it to enforce its original orders but, instead, was a petition asking this Court to issue a writ directly to the State comptroller. I am not persuaded that such a petition is within the original jurisdiction of this Court or that asking this Court for a writ directed to the comptroller (as opposed to a writ directed to the circuit court) is a proper method for invoking the appellate authority of this Court to supervise and review the actions of lower courts. See Art. AH, § 140, Ala. Const. 1901; § 6-6-640, Ala.Code 1975; § 12-2-7(2), Ala.Code 1975; Rule 21, Ala. R.App. *36 P.; and State v. Albritton, 251 Ala. 422, 424, 37 So.2d 640, 642 (1948).